IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TERRELL JAMAAL TRAVIS**                                                                     **PETITIONER**

**VS.**                         **CASE NO. 5:07CV0074 JLH/HDY**

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                                           **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Terrell Jamaal Travis, an inmate in the custody of the Arkansas Department of Correction (ADC) as a result of his conviction following a 2005 jury trial in Crawford County Circuit Court on the charges of possession of cocaine with intent to deliver, possession of marijuana with intent to deliver, and possession of drug paraphernalia. Petitioner was sentenced to a total of 55 years' imprisonment. A direct appeal was unsuccessful. *Travis v. State*, 95 Ark. App. 63 (2006). Petitioner did not seek postconviction relief pursuant to A.R.Cr.P. 37.

In the petition now before the Court, the sole ground for relief is that the search of the petitioner's vehicle violated the Fourth Amendment, and the Arkansas courts' affirmance of the search was an erroneous application of Supreme Court precedent in that petitioner was erroneously denied standing to contest the search and the denial of standing was also an erroneous application of Supreme Court precedent.

**Factual Background:** On May 12, 2004, at 2:05 a.m., Mr. Travis was driving on Interstate 40 in Crawford County, Arkansas, and was stopped by Officer Olen Craig, who indicated that Travis' vehicle had twice crossed the center line. Officer Craig called Officer Michael Bowman for assistance, and Bowman, along with a drug detection dog, arrived at about 2:18 a.m. About three minutes later, Officer Bowman walked the dog around Travis' vehicle. The dog alerted on the car's trunk, where 2.2 pounds of cocaine and 3.9 pounds of marijuana were found.

The petitioner filed a motion to suppress with the trial court, and a hearing was conducted.

Officer Craig and Bowman testified at the hearing. Officer Craig testified that the following factors persuaded him that criminal activity might be taking place: (a) the car Travis was driving was a rental vehicle, but the person renting the car was neither Travis nor the passenger; (b) neither Travis nor his passenger were authorized to drive the rental car; (c) Travis was nervous; (d) Travis was clinging to his cell phone, which was in his lap; (e) Travis avoided eye contact; (f) the vehicle was rented in California and due to be returned the following day (May 13); (g) despite the car being due in California, Travis told the officer he was driving to North Carolina; and (h) Travis first produced a rental agreement for a different vehicle when asked for identification and registration. (Tr. 66-96).

The trial judge made the following findings when he denied the motion to suppress: (a) the stop lasted about 15 minutes; (b) the stop was lawful because the vehicle twice crossed the center line; (c) the driver was extremely nervous; (d) the car was rented to a third party who was not present; (d) the petitioner and his passenger were not authorized users of the car under the rental agreement; (e) there were two rental agreements in the vehicle; (f) the driver (petitioner) avoided eye contact and was evasive in answering questions; and (g) the car was due back in California on May 13th but was going in the wrong direction in the early hours of the 12th. The trial judge specifically found, "Taken in the totality . . . where the court feels that the State is on very solid ground here based on their (sic) not being an authorized driver under the contract to drive this vehicle. I feel, at the very least, they had a right to confiscate the car and to hold it until they could determine that someone had a right to drive that car further." (Tr. 152). The trial judge concluded:

> The court is finding, for that purpose, that one, it was a legal stop. Secondly, that it was – it was – there was a lawful search, based on the probable cause established by the – by the scent, which was evoked, as far as the dog was concerned, or – or smelled by the dog. And that the officer had reason to go further in this. He had reasonable suspicion that there was criminal activity. First of all, and most important, was, there wasn't an authorized driver in this vehicle. Second, third, fourth and fifth, through eighth or ninth, would be the reasons that I've stated earlier: The nervousness; the – the fidgety; the refusal to look up; unwilling to – or evasive, as far as answers; the rental contract being due the next day; there being two rentals in the vehicle; the renter not being present in the vehicle. For those reasons, your motion to suppress will be denied.

(Tr. 153).

On direct appeal, Mr. Travis argued the trial court erred in denying the motion to suppress the evidence as the result of an illegal search. After reciting the facts surrounding the search and describing the trial court's ruling, the Arkansas Court of Appeals ruled as followed:

> For reversal, Mr. Travis argues that the contraband should have been suppressed because the search violated his Fourth Amendment right against unreasonable searches and seizures and Rule 3.1 of the Arkansas Rules of Criminal Procedure. Rule 3.1 provides:
>
> A law enforcement officer lawfully present in any place may in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. An officer acting under this rule may require the person to remain in or near such place in the officer's presence for a period of not more than fifteen (15) minutes or for such time as is reasonable under the circumstances. At the end of such period the person detained shall be released without further restraint, or arrested and charged with an offense.
>
> In *Laime v. State,* 347 Ark. 142, 60 S.W.3d 464 (2001), our supreme court recognized that as part of a valid traffic stop, a police officer may detain a traffic offender while he completes certain routine tasks, but that such detention is unrelated to a Rule 3.1 detention. Mr. Travis argues in this case that the routine tasks associated with the traffic violation were completed long before the canine alerted to the presence of drugs, and thus that the continued detention would only be justified if there was reasonable suspicion under Rule 3.1. He further contends that there was no such reasonable suspicion under the facts of this case.
>
> While there was evidence that Mr. Travis exhibited nervousness during the stop, he cites *Lilley v. State,* --- Ark. ----, --- S.W3d ---- (May 26, 2005), where the supreme court held that nervousness alone does not constitute reasonable suspicion of criminal activity and grounds for detention. Mr. Travis also cites *U.S. v. Beck,* 140 F.3d 1129 (8th Cir.1998), where the Eighth Circuit Court of Appeals stated that there was nothing inherently suspicious about Mr. Beck's use of a rental vehicle, even though rented by a third person, to travel. The circumstances of this case showed that Mr. Travis was nervous and was traveling in a rental car that had been rented by a third person and was due back in California the next day. Mr. Travis submits that these factors did not give rise to reasonable suspicion of any drug-related activity. In *United States v. Boyce,* 351 F.2d 1102 (11th Cir.2003), the appeals court stated that in deciding whether certain factors give rise to reasonable suspicion of criminal activity, the factors together must serve to eliminate a substantial portion of innocent travelers before the requirement of reasonable suspicion will be satisfied. Mr. Travis argues that the factors in this case were consistent with innocent travel, that Officer Craig's decision to detain him was merely based on a hunch, and that the trial court erred in denying his motion to suppress.

The State first contends that we should affirm without reaching the merits of Mr. Travis's argument because he failed in his burden of establishing that he had any standing to contest the search. We agree.

In *Ramage v. State,* 61 Ark.App. 174, 966 S.W.2d 267 (1998), this court set out the following guidelines for determining standing to contest a Fourth Amendment search:

Fourth Amendment rights against unreasonable searches and seizures are personal in nature. *McCoy v. State,* 325 Ark. 155, 925 S.W.2d 391 (1996). Thus, a defendant must have standing before he can challenge a search on Fourth Amendment grounds. *Dixon v. State,* 327 Ark. 105, 937 S.W.2d 642 (1997). The pertinent inquiry regarding standing to challenge a search is whether the defendant manifested a subjective expectation of privacy in the area searched and whether society is prepared to recognize that expectation as reasonable. *McCoy v. State, supra; Littlepage v. State,* 314 Ark. 361, 863 S.W.2d 276 (1993). It is well settled that the defendant, as the proponent of a motion to suppress, bears the burden of establishing that his Fourth Amendment rights have been violated. *McCoy v. State, supra; Rockett v. State,* 319 Ark. 335, 891 S.W.2d 366 (1995). A person's Fourth Amendment rights are not violated by the introduction of damaging evidence secured by the search of a third person's premises or property. *Davasher v. State,* 308 Ark. 154, 823 S.W.2d 863 (1992); *Rankin v. State,* 57 Ark.App. 125, 942 S.W.2d 867 (1997). A defendant has no standing to question the search of a vehicle unless he can show that he owns the vehicle or that he gained possession of it from the owner or someone else who had authority to grant possession. *McCoy v. State, supra; Littlepage v. State, supra; State v. Barter,* 310 Ark. 94, 833 S.W.2d 372 (1992).

*Id.* at 176-77, 966 S.W.2d at 268-69.

In holding that Mr. Travis lacked standing in the present case, we are guided by our supreme court's decision in *Littlepage v. State,* 314 Ark. 361, 863 S.W.2d 276 (1993). In that case the appellant was driving a rental car that had been rented to a third person who was the only authorized driver in the rental agreement. The vehicle was stopped and searched and the police seized illegal drugs and other contraband. Mr. Littlepage argued on appeal that the trial court erred in denying his motion to suppress, but the supreme court declined to reach the merits of his argument based on the following analysis:

In this matter, Littlepage bore the burden of proving not only that the search of the car he drove was illegal, but also that he had a legitimate expectation of privacy in that car. The proof revealed that the car Littlepage was driving was rented to Rebecca Jones, who was not present at the time of the arrest. Ms. Jones was the only authorized driver in the rental agreement. Littlepage claimed that Ms. Jones had rented the car for him in Dallas for his use when his own car had broken down, but there was no showing that this assertion had any validity. Besides, the rental agreement authorizing Ms. Jones to drive the car had expired two days prior to Littlepage's traffic stop and arrest. Clearly, Littlepage failed to establish his expectation of privacy in the searched automobile. Accordingly, we conclude that Littlepage had no standing to challenge the officer's search as unconstitutional. Because Littlepage had no expectation of privacy in the car, the issue of whether or not this was a pretextual search is of no moment.

> *Littlepage v. State,* 314 Ark. at 369, 863 S.W.2d at 280 (citations omitted).
>
> The circumstances in the case at bar are not materially distinguishable from those in *Littlepage v. State, supra.* As in that case, Mr. Travis was driving a car rented to a third party who was not present, and he was not listed as an authorized driver. And other than the officer's testimony as to Mr. Travis's explanation of how he came into possession of the car, Mr. Travis offered no proof on the issue at the suppression hearing. While the rental agreement in *Littlepage* had expired and the one in the present case was valid for one more day, we read *Littlepage* to say that the driver lacked standing whether or not the rental contract had expired. Because Mr. Travis failed to prove that he had an expectation of privacy in the vehicle he was driving, we conclude that he failed in his burden to establish standing to challenge the search. Therefore, we do not reach the merits of his argument on appeal.

*Travis v. State,* 95 Ark. App. 63 (2006).

**Legal Analysis:** The petitioner concedes that, in the context of habeas corpus litigation, any inquiry into a Fourth Amendment issue has been severely limited by the Supreme Court decision in *Stone v. Powell*, 428 U.S. 465 (1976). This case holds that the Constitution does not require that a state prisoner be granted federal habeas corpus relief on his Fourth Amendment claim if the state has provided an opportunity for the full and fair litigation of this claim. *See also Lee v. Lockhart*, 754 F.2d 277 (8th Cir. 1985). "It is the existence of state processes allowing an opportunity for full and fair litigation of a fourth amendment claim, rather than a defendant's use of those procedures, that bars federal habeas corpus consideration of such claims." *Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir. 1981). The Eighth Circuit Court of Appeals has specifically considered what it means for the state to afford a petitioner the opportunity for full and fair litigation of his Fourth Amendment claim. A two part test has been adopted. "Under this test, a Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, at 1273 (8th Cir. 1994). Both *Willett* and subsequent cases clearly state that claims are barred by *Stone* even where the state court erred in deciding the legal merits of the claim. 37 F.3d at 1268.

*See also, Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997); *Bunn v. Norris*, 2007 WL 1188286, (E.D. Ark., April 20, 2007).

Here, Mr. Travis contends that the *Stone* bar does not apply because the Arkansas Court of Appeals, "erroneously applying Supreme Court precedent on standing, deprived him of that full and fair opportunity, and consequently is entitled to litigate the matter in habeas." Petition, p. 3. We find no merit in this argument. In essence, the petitioner argues that *Stone* does not bar him from litigating his Fourth Amendment claim because the Arkansas appellate court erred in deciding the legal merits of his claim. This is precisely what the *Willett* decision stresses *is* barred by *Stone*. The petitioner may be arguing that the Arkansas appellate court decision should be treated differently since it was based upon the petitioner's lack of standing. However, we find no authority to support such a distinction. The Arkansas Court of Appeals' ruling was a ruling on the merits of Mr. Travis' claim. As a result, *Stone v. Powell* bars the petitioner from litigating his Fourth Amendment claim in this habeas case, and the case should be dismissed on that basis. The petitioner was provided with a procedure for pursuing his Fourth Amendment claim, and utilized this procedure both at the trial and appellate level in state court. In addition, there is no showing of an unconscionable breakdown in the system provided by the state.

Even if the Court were to presume the *Stone v. Powell* bar did not apply, the cases cited by the petitioner (*Rakas v. Illinois*, 439 U.S. 128 (1978), *Minnesota v. Olson*, 495 U.S. 91 (1990), and *Florida v. Bostick*, 501 U.S. 429 (1991), among others) do not demonstrate a Fourth Amendment violation.

In summary, for the reasons cited herein, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this __13__ day of June, 2007.

*H Daniel Young*
_____
United States Magistrate Judge